UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


SUSAN BIGGS BY AND THROUGH
CONSERVATOR, PARENT and NEXT FRIEND,
HAROLD BIGGS                                                  PLAINTIFF

VS.                                    CIVIL ACTION NO. 3:15cv452TSL-RHW

EDWIN C. LEGRAND III,
PAUL A. CALLENS, and
JOHN DOES 1-10                                                DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendants
Edwin C. LeGrand III and Paul A. Callens pursuant to Federal Rules
of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss on Eleventh
Amendment immunity and other grounds.  Plaintiff Susan Biggs has
not responded to the motion and the time for responding has
passed.  For the reasons that follow, the court concludes that the
motion is well taken and should be granted.

Background

As alleged in the complaint, plaintiff Susan Biggs is a
severely mentally ill and mentally handicapped woman who, since
August 1995, has been civilly committed, in total, over twenty
times to Mississippi's several mental hospitals.  Ms. Biggs, by
and through her appointed conservator, parent and next friend
Harold Biggs, filed the present action under 42 U.S.C. § 1983 and
Mississippi state law against Edwin LeGrand, former Executive
Director of the Mississippi Department of Mental Health (MDMH),

and against Paul Callens, Director of the North Mississippi State Hospital (NMSH), in their official and individual capacities, and against a number of John Doe defendants, asserting that defendants' decisions concerning her treatment resulted to her "being denied her right to appropriate treatment, minimally adequate habilitation, and her historic liberty interests, including safety, all in violation of her rights under the Fourteenth Amendment of the United States Constitution and Article 3, Section 14 of the Mississippi Constitution."  As relief, plaintiff demands compensatory and punitive damages, together with costs and attorney fees.

     Defendants LeGrand and Callens have moved to dismiss plaintiff's § 1983 and state law claims against them in their official capacities on the basis that the claims are barred by Eleventh Amendment immunity.[1]  They argue that plaintiff's § 1983 claim against them in their official capacities should be dismissed for the additional reason that state officials acting in their official capacities are not "persons" for the purposes of maintaining a § 1983 claim.  Lastly, they assert that the Eleventh Amendment and the Mississippi Tort Claims Act both bar plaintiff's

---

     [1]     At this time, defendants do not seek dismissal of plaintiff's federal claims against them in their individual capacities.  Those claims are the subject of a separate motion to require a specific reply by plaintiffs to defendants' qualified immunity defense.

claims against them for monetary damages in their official and individual capacities.  Defendants are correct on all these points and their motion to dismiss these claims will therefore be granted.

Eleventh Amendment Immunity

Defendants seek dismissal of plaintiff's § 1983 official capacity claims and their state law official and individual capacity claims based on Eleventh Amendment immunity.  The Eleventh Amendment to the United States Constitution "bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." Perez v. Region 20 Educ. Serv. Ctr., 307 F.3d 318, 326 (5th Cir. 2002) (citing U.S. CONST. amend. XI; College Sav. Bank v. Florida Prepaid Post secondary Educ. Expense Bd., 527 U.S. 666, 670, 119 S. Ct. 2219, 144 L. Ed. 2d 605 (1999)).  It represents a jurisdictional bar that, absent waiver, prohibits a federal court from hearing a claim against a state and its agencies and instrumentalities, whether based on federal or state law and regardless of the nature of the relief sought. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 122, 104 S. Ct. 900, 79 L.Ed.2d 67 (1984). See also McDonald v. Board of Miss. Levee Comm'rs, 832 F.2d 901, 906 (5th Cir.1987) (quoting Crane v. Texas, 759 F.2d 412, 415 (5th Cir. 1985)) ("[E]leventh Amendment immunity is a jurisdictional issue that 'cannot be

ignored, for a meritorious claim to that immunity deprives the

court of subject matter jurisdiction of the action.'"). The

Eleventh Amendment also bars suits against state government

officers for monetary relief where the effect of the suit will be

that damages will be paid from the state treasury. <u>Leland v.</u>

<u>Mississippi State Bd. of Registration For Prof'l Engineers & Land</u>

<u>Surveyors</u>, 841 F. Supp. 192, 195 (S.D. Miss. 1993), <u>aff'd</u>, 35 F.3d

559 (5th Cir. 1994). Consequently, if MDMH and NMSH are legally

considered agencies or instrumentalities of the State of

Mississippi, then LeGrand and Callens, in their official

capacities, are immune from plaintiff's claims for monetary

damages.[2] <u>See</u> <u>id.</u>

The Fifth Circuit has established a six-factor test to help

determine whether a suit against a governmental agency should be

considered a suit against the state:

> 1. Whether the state statutes and case law view the
> agency as an arm of the state;
> 2. The source of the entity's funding;
> 3. The entity's degree of local autonomy;
> 4. Whether the entity is concerned primarily with local
> as opposed to statewide, problems;

---

[2]     <u>Ex Parte Young</u>, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908) represents a narrow exception to Eleventh Amendment immunity for suits that allege a violation of federal law that are "brought against individual persons in their official capacities as agents of the state, and the relief sought must be declaratory or injunctive in nature and prospective in effect." <u>Aguilar v. Tex. Dep't of Crim. Justice</u>, 160 F.3d 1052, 1054 (5th Cir. 1998). Plaintiff herein seeks only monetary relief so this exception has no applicability.

> 5. Whether the entity has the authority to sue and be
> sued in its own name; and
> 6. Whether the entity has a right to hold and use
> property.

Clark v. Tarrant Cty., 798 F.2d 736, 744–45 (5th Cir. 1986).

These factors are not of equal importance; the second is the most

important, the last two the least.  See Hudson v. City of New

Orleans, 174 F.3d 677, 681 (5th Cir. 1999).  Moreover, not all of

the factors must be satisfied for the court to conclude that MDMH

and NMSH qualify as state agencies for Eleventh Amendment

purposes.  Id.

    This court previously recognized in Scanlon v. Dept. of

Mental Health, 828 F. Supp. 421, 424 n.4 (S.D. Miss. 1993), that

the MDMH is a state agency entitled to Eleventh Amendment

immunity.  See id. (concluding that Eleventh Amendment precluded

action against MDMH).  While the court's opinion in Scanlon did

not expressly address the Clark factors, it is clear those factors

support the court's conclusion.  First, MDMH is plainly regarded

as an arm of the state for purposes of state law.  It was created

by state statute and is managed and controlled by the State Board

of Mental Health.  See Miss. Code Ann. § 41-4-2 - § 41-4-7; see

also E. Mississippi State Hosp. v. Adams, 947 So. 2d 887, 890

(Miss. 2007) ("MDMH was created as a department of the State in

Miss. Code Ann. Section 41-4-5 (Rev. 2005).").  Moreover, MDMH

enjoys sovereign immunity under state law.  In this regard, the

Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1 *et seq.*, which creates a limited waiver of sovereign immunity, defines "State" to include "the State of Mississippi and any office, department, agency, division, bureau, commission, board, institution, hospital, college, university, airport authority, or other instrumentality thereof,...." Miss. Code Ann. § 11–46–1(j). MDMH undeniably falls within this definition. See Miss. Farm Bureau, 99 So. 3d at 783 (noting applicability of MTCA immunity to MDMH).[3]

MDMH is statutorily tasked with providing mental health services for all persons of the state in need of such services, Miss. Code Ann. § 41-4-2, so that its concern extends statewide and is not merely local. See Miss. Farm Bureau Cas. Ins. Co. V. Miss. Dept. of Mental Health, 99 So. 2d 781, 783 (Miss. Ct. App. 2012) (MDMH "is the state agency responsible for providing services for the mentally ill .... persons in Mississippi").  As defendants note, while there is no state statute expressly authorizing MDMH to sue or be sued in its own name, MDMH has been a regular state court litigant.  See, e.g., Mississippi Dep't of Mental Health & Ellisville State Sch. v. Shaw, 45 So. 3d 656 (Miss. 2010); Mississippi Dep't of Mental Health v. Hall, 936 So.

_____

   [3]   While the MTCA is a limited waiver of sovereign immunity, it explicitly preserves Eleventh Amendment immunity. See Miss. Code Ann. § 11–46–5(4).

2d 917 (Miss. 2006).  Property used by MDMH is held in the name of

the State of Mississippi, with the acquisition and disposition of

such property subject to control by the State Board of Mental

Health and the Mississippi Department of Finance and

Administration.  See Miss. Code Ann. § 41-4-7; 41-19-255.  Lastly,

and most importantly, MDMH is funded by the Mississippi

Legislature, through appropriation of general and special funds.

As MDMH is an arm of the state, plaintiff's claims against LeGrand

in his official capacity are barred by the Eleventh Amendment.[4]

    The same is true for NMSH.  NMSH was created by state statute

to provide for the acute care treatment of persons with mental

illness who have been committed to state care by a chancery court.

See Miss. Code. Ann. § 41-19-251; § 41-19-253.  It is operated by

MDMH, under the direction of the State Board of Mental Health, and

itself an arm of MDMH.  Cf. Ellisville State Sch. v. Merrill, 732

So. 2d 198, 199 (Miss. 1999) (noting that Ellisville State School

was an arm of MDMH).  As such, it is an arm of the State.  Cf. May

v. N. Texas State Hosp., 351 F. App'x 879, 880 (5th Cir. 2009)

---

[4]    There is no arguable basis for finding a waiver of
Eleventh Amendment immunity.  Section 1983 does not abrogate the
State's Eleventh Amendment immunity.  See Quern v. Jordan, 440
U.S. 332, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979).  The
Mississippi Tort Claims Act expressly preserves the State's
Eleventh Amendment immunity on claims brought in federal court.
See Miss. Code Ann. §§ 11-46-3(1), 11-46-5(4).  Finally, the State
has not engaged in conduct that could be construed as a waiver.

(holding that North Texas State Hospital, as a division of a state

agency, the Texas Department of Mental Health and Mental

Retardation, a state agency, is therefore itself a state agency

for the purpose of Eleventh Amendment immunity); <u>Sessions v. Rusk</u>

<u>State Hosp.</u>, 648 F.2d 1066, 1069 (5th Cir. 1981) (holding that

Rusk State Hospital, exclusively controlled by the Texas

Department of Mental Health, was a state agency for Eleventh

Amendment purposes).[5]

    <u>Section 1983 "persons" requirement</u>

    Section 1983 provides a cause of action against "[e]very

person who, under color of any statute ... of any State ...

subjects, or causes to be subjected, any citizen ... to the

deprivation of any rights, privileges, or immunities secured by

the Constitution and laws...."  Defendants submit that even if

Eleventh Amendment immunity did not bar plaintiff's § 1983 claim

against them in their official capacities, defendants would be

entitled to dismissal of this claim on the basis that they are not

"persons" under § 1983 and are thus not amenable to suit.  In <u>Will</u>

<u>v. Michigan Department of State Police</u>, the Supreme Court held

---

    [5]    The court notes, too, that by statute, NMSH is
designated as a "state agency" for purposes of federal law. <u>See</u>
Miss. Code Ann. § 41-19-263 ("The North Mississippi State Hospital
... [is] designated as [a] state agenc[y] for carrying out the
purposes of any act of the Congress of the United States of
America existing on July 1, 1995, or enacted at any time after
July 1, 1995, that pertains to mental illness.").

that states and state agencies are not "persons" under § 1983.

491 U.S. 58, 66-70, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).  The

Court further held that "a suit against a state official in his or

her official capacity ... is a suit against the official's

office," and therefore, "it is no different from a suit against

the State itself."  Id. at 71, 109 S. Ct. 2304.  Thus, since under

Will, neither a state nor its officials acting in their official

capacities are 'persons' under § 1983," id., 109 S. Ct. 2304,

plaintiff's federal claims against defendants in their official

capacities must be dismissed.

　　　MTCA - Individual Capacity Claims

　　　Defendants contend that the MTCA applies to, and immunizes

defendants with respect to plaintiff's individual capacity state

law claims.  The MTCA "provides the exclusive civil remedy against

a governmental entity and its employees for acts or omissions

which give rise to a suit."  Bosarge v. Miss. Bureau of Narcotics,

796 F.3d 435, 444 (5th Cir. 2015) (quoting City of Jackson v.

Sutton, 797 So. 2d 977, 980 (Miss. 2001)).  "The MTCA provides the

following general waiver of sovereign immunity: '[T]he immunity of

the state and its political subdivisions from claims for money

damages arising out of the torts of such governmental entities and

the torts of their employees while acting within the course and

scope of their employment is hereby waived....'"  Id. (quoting

Miss. Code Ann. § 11-46-5(1)).  The MTCA "shift[s] virtually all

tort liabilities from governmental employees to the state or political subdivision," providing that "no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties." In re Foust, 310 F.3d 849, 863 (5th Cir. 2002) (quoting Miss. Code Ann. § 11-46-7(2)). Under the Act, "employees may be sued only as an official representative of the political subdivision." Id.; see also In re Foust, 310 F.3d 849, 863 (5th Cir. 2002). Only fraud, malice, libel, slander, defamation, and criminal offenses fall outside the "course and scope" of employment and create personal liability, id., but plaintiff has not pled any such actions by defendants. Accordingly, the MTCA precludes plaintiff's claims against LeGrand and Callens in their individual capacities.

Conclusion

Based on the foregoing, it is ordered that the motion of defendants LeGrand and Callens to dismiss plaintiff's federal claims against them in their official capacities, and to also dismiss plaintiff's state law individual capacity claims against them, is granted.

SO ORDERED this ___21st___ day of January, 2016.


/s/Tom S. Lee_____
UNITED STATES DISTRICT JUDGE